# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHAD ERIC JOHNSON, IDOC # B32088,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 10-891-GPM |
| | ) |
| **RALPH JOHNNIE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Chad Eric Johnson, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of eight years' imprisonment at the Shawnee Correctional Center for residential burglary and retail theft, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by persons acting under color of state law. Johnson's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

According to the allegations of Johnson's pro se complaint and its supporting documentation, on August 30, 2007, while Johnson was incarcerated in the Stateville Correctional Center, Johnson was informed that his # 4 tooth and # 19 tooth needed to be extracted. Thereafter, Johnson was transferred to the Centralia Correctional Center ("Centralia"). At Centralia, Johnson alleges, he developed severe abscesses in his mouth, had difficulty eating, talking, and sleeping, and constantly had a foul taste in his mouth due to the state of his teeth. Johnson alleges that he made repeated requests for dental care to Defendants Ralph Johnnie and Diana Jansen, who are, respectively, a dentist and a dental assistant employed by Defendant Health Professionals, Ltd. ("Health Professionals"), who provide dental care to prisoners at Centralia pursuant to a contract between Health Professionals and the IDOC. Johnson contends that his requests were ignored, and that he was given no pain medication. On April 6, 2009, Johnson's # 19 tooth was extracted, and Johnson was given medication for pain; however, Johnnie and Jansen declined Johnson's request that his # 4 tooth be extracted, and instead put Johnson on the so-called "extraction list" of prisoners awaiting

extractions of teeth. On May 22, 2009, Johnson filed a grievance regarding the pain he was suffering due to his # 4 tooth. On June 2, 2009, Johnson saw Johnnie about dental work on Johnson's # 1 tooth and # 2 tooth, at which time Johnson asked that his # 4 tooth be extracted. Johnnie and Jansen declined to extract Johnson's # 4 tooth, telling Johnson only that he was "on the extraction list." Doc. 1 at 6. On August 2, 2009, following a reversal by the IDOC's administrative review board of a denial of Johnson's May 2009 grievance, Johnson re-filed the grievance. On February 3, 2010, Johnson's # 4 tooth was extracted. According to Johnson, tooth fragments remained in his gums after the extraction, causing him pain; the fragments were removed on March 1, 2010. Named by Johnson as a Defendant, in addition to Johnnie, Jansen, and Health Professionals, is an "Unknown Party." Johnson claims a violation of his Eighth Amendment rights and seeks compensatory and punitive damages.

Concerning claims for denials of medical care by prisoners, it is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, the Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511

U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297). The Seventh Circuit Court of Appeals considers the following to be indications of a serious medical need: (1) where failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain; (2) existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (3) presence of a medical condition that significantly affects an individual's daily activities; or (4) the existence of chronic and substantial pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

With respect to Johnson's allegations that Johnnie and Jansen left tooth fragments in his mouth following the extraction of Johnson's # 4 tooth, the conduct alleged amounts at most to malpractice and thus is not actionable under 42 U.S.C. § 1983. *See Haley v. Gross*, 86 F.3d 630, 644 (7th Cir. 1996). Otherwise, however, the Court finds that Johnson has stated a claim against Johnnie and Jansen for a violation of Johnson's Eighth Amendment rights. Turning to the first prong of the deliberate indifference standard, the Court concludes that Johnson has alleged an objectively serious medical condition. The Seventh Circuit Court of Appeals specifically has held that "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (brackets omitted). *See also Board v. Farnham*, 394 F.3d 469, 480-84 (7th Cir. 2005) (a sheriff was not entitled to qualified immunity on a claim that he violated a pretrial

detainee's established constitutional right to receive adequate attention for a serious medical condition when he allegedly deprived the inmate of toothpaste for over three weeks). Correspondingly, Johnson's allegations that he suffered from severe pain and infections in his mouth, as well as difficulty eating, sleeping, and talking, during the approximately two-and-a-half years that it took for Johnnie and Jansen to extract both Johnson's # 19 tooth and # 4 tooth are sufficient to allege that Johnson suffered from a serious medical condition. *See Kaufman v. Schneiter*, 474 F. Supp. 2d 1014, 1027 (W.D. Wis. 2007) (a prisoner's allegations of severe pain from a tooth cutting into his tongue established a serious medical condition); *Manney v. Monroe*, 151 F. Supp. 2d 976, 990-91 (N.D. Ill. 2001) (a pretrial detainee's claim that for nine months he suffered from increasingly severe pain, headaches, and inability to eat due to an untreated dental condition raised an issue of fact as to whether the detainee suffered from a serious medical condition). As to the subjective prong of the deliberate indifference standard, as discussed, Johnson alleges that, despite being on notice of the pain, abscesses, and other difficulties Johnson's # 19 tooth and # 4 tooth were causing him, Johnnie and Jansen repeatedly refused to extract those teeth. These allegations could give rise to an inference that the dental care Johnson received was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [Johnson's] condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). *See also Sarauer v. Frank*, No. 04-C-273-C, 2004 WL 2324981, at *7, *13 (W.D. Wis. Oct. 6, 2004) (a prisoner's allegations that a dentist furnished him with badly-fitting dentures and caused abscesses in the prisoner's mouth, then refused to provide properly-fitting dentures and to perform a root canal, supported an inference of deliberate indifference). Johnson will be permitted to proceed against Johnnie and Jansen on his Eighth Amendment claim.

Although the Court finds that Johnson has stated a claim against Johnnie and Jansen, this is not the case as to Health Professionals. In general, of course, liability under 42 U.S.C. § 1983 is premised upon active participation in a deprivation of constitutional rights. Thus, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions" and "to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). A private corporation acting under color of state law by, as here, participating in the operation of a state prison violates a prisoner's constitutional rights only when it has a policy or custom that infringes upon the prisoner's constitutional rights. *See Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 & n.1 (7th Cir. 2004). This standard is very similar, obviously, to the standard for imposition of Section 1983 liability on a municipality. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). In municipal liability cases, to allege adequately a policy that violates an individual's civil rights, a plaintiff must plead: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). In this case Johnson alleges that Health Professionals has an express policy of violating the Eighth Amendment rights of prisoners in IDOC custody to whom the company has contracted to provide medical care, for the

sake of saving money. Of course, "a section 1983 plaintiff must do more than merely parrot the language of *Monell*" to establish a claim of an unconstitutional policy or custom. *Hamrick v. Lewis*, 515 F. Supp. 983, 986 (N.D. Ill. 1981). Also, a Section 1983 plaintiff asserting an unconstitutional policy or custom generally must allege something more than his or her own isolated experience. *See Gustafson v. Jones*, 117 F.3d 1015, 1022 (7th Cir. 1997) (citing *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997)) (holding that "isolated incidents" of retaliation do not show the existence of a municipal policy or custom); *Zubek v. City of Chicago*, No. 04 C 5399, 2006 WL 1843396, at *5 (N.D. Ill. July 5, 2006) ("A plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident will not suffice. Likewise, a plaintiff's own isolated experiences are insufficient to establish custom.") (citation omitted); *Moberg v. City of W. Chicago*, No. 00 C 2504, 2002 WL 31398832, at *2 (N.D. Ill. Oct. 24, 2002) ("[A]llegations of isolated treatment directed only toward Plaintiffs do not rise to the level of policy or widespread custom required under *Monell*."); *Watson v. Village of Glenview*, No. 99 C 6811, 2000 WL 283977, at *3 (N.D. Ill. Mar. 10, 2000) (conclusory allegations of a municipal custom coupled with specific allegations of plaintiff's isolated experience fail to state a claim). Here Johnson alleges an unconstitutional policy based solely on his own experience with two Health Professionals employees, Johnnie and Jansen. There is nothing in the allegations of Johnson's complaint to suggest the existence of any such policy as Johnson alleges, such as an allegation that Johnnie and Jansen told Johnson that they could not provide care to him based on cost considerations. Johnson's allegations do not show the existence of an unconstitutional policy or custom. The Court concludes that Johnson has failed to state a claim for relief against Health Professionals.

Finally, with respect to the "Unknown Party" named in Johnson's complaint, the complaint is devoid of allegations concerning this party. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Accordingly, "a Section 1983 plaintiff 'cannot state a claim against a defendant merely by including the defendant's name in the caption' of a complaint." *Sanders v. Reeder*, Civil No. 11–331–GPM, 2011 WL 1768850, at *2 (S.D. Ill. May 7, 2011) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)) (quotation and brackets omitted). The Court will dismiss the "John Doe" party named in Johnson's complaint.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Johnson's complaint fails to state a claim upon which relief may be granted with respect to Health Professionals and the Unknown Party named in the complaint. Therefore, Health Professionals and the Unknown Party are **DISMISSED with prejudice** from this action. Johnson may proceed on his Eighth Amendment claim against Johnnie and Jansen for deliberate indifference to Johnson's serious medical needs. The Court having determined that Johnson may proceed against Johnnie and Jansen, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall prepare for Defendants **JOHNNIE** and **JANSEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

2. It is **further ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's file or disclosed by the Clerk.

3. It is **further ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

4. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

5. Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

6. Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

7. Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 24, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge