IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHAD ERIC JOHNSON, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 3:10-cv-891-GPM-DGW |
| RALPH JOHNNIE and DIANA JANSEN, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the question whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. §1997e(a). It is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies prior to filing suit, that the Motion for Summary Judgment filed by Defendants Johnnie and Jansen (Doc. 23) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Chad Eric Johnson filed a complaint in the action on November 5, 2010, alleging that Defendants Ralph Johnnie, Diana Jansen, Health Professional Limited, and an unknown party failed to provide him with adequate dental treatment (Doc. 1). Upon threshold review, the Court

found that Plaintiff stated claims against Defendants Johnnie and Jansen of deliberate indifference to his serious medical needs in violation of the Eighth Amendment (Doc. 8). The Court dismissed the other defendants.

Defendants Johnnie and Jansen filed a Motion for Summary Judgment on August 1, 2011, arguing that Plaintiff did not exhaust his administrative remedies prior to filing suit, in violation of 28 U.S.C. § 1997e(a) (Doc. 23). Exhibits filed with the motion indicate that Plaintiff filed a grievance on May 22, 2009, complaining he had not received proper dental care at the Centralia Correctional Center. Defendants argued that Plaintiff's grievance was not sufficient to exhaust administrative remedies against Defendants Johnnie and Jansen because it did not name or describe them.

Plaintiff's grievance stated:

Grievant brings this grievance in order to give notice to the named parties and/or departments. The following grievance is based on the denial of proper dental care which amounts to cruel and unusual punishment and the denial of cure when same was made known and refused.

Below are the stated facts that support this filing:

On August 30, 2007, this grievant was examined by the Statesville C.C. dental care unit. At this time it was deemed fit to correct issues of teeth 4 and 19. Upon arrival at the Centralia C. C. a review of this Grievant's file (Medical/Dental) was completed. At no time on this stated date or prior was any care given on said issue.

Due to the pain suffered by this grievant he filed and/or submitted request slips to the dental office and HCU Administration on or about the dates of September 13, 2007; November 21, 2007; April 12, 2008; July 20, 2008; and more recent yet two others directly to the HCU Administration. Each request seemed to go unheard or cared for. Grievant's dental care was instead summed up in a 3-day amount of I-B Profin despite pain, bleeding and puss from the infection.

Due to the neglect of the stated staff above (to which true names are unknown at this time but known to this reviewing party), Grievant was subjected to unneeded pain that was readily preventable yet knowingly neglected.

(Doc. 23-1, pp. 1-2.)

*Pavey Hearing*

The Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on October 31, 2011. Plaintiff, now released, appeared in person. As they did in their motion, Defendants argued that Plaintiff's grievance was insufficient to exhaust administrative remedies against Johnnie and Jansen because Plaintiff did not name or describe either of them in his grievance. Plaintiff argued in response that his grievance was sufficient because it put the prison on notice of an issue with his dental treatment. Plaintiff further argued that there are only two or three people in the dental department at Centralia Correctional Center, thus, the grievance which complained about dental care was obviously directed at the dental staff. Moreover, Plaintiff argued, at the time he filed the grievance he did know the names of the dentist or dental assistant, and he said as much in his grievance: "Due to the neglect of the stated staff above (to which true names are unknown at this time but known to this reviewing party), Grievant was subjected to unneeded pain that was readily preventable yet knowingly neglected." Regarding the Illinois regulations, Plaintiff stated: "It stipulates that I'm supposed to say the where, the when, the who, and the how. I believe I sufficed that. I believe that I named the dental department. I believed I named how, who, and where and when. I'm mean I'm not saying it's not dead on. . . . But to me it obviously served its function because they obviously knew who I was talking about" (Doc. 43, p. 25).

In response, Defendants asserted that in addition to the dental staff, the Plaintiff's grievance also mentions the "HCU Administration." Defendants argued that such designation was so broad that Plaintiff would be able to file suit against any member of the Centralia medical

3

staff and claim his grievance sufficient to exhaust administrative remedies against innumerable defendants.

## CONCLUSIONS OF LAW

Under Illinois regulations, a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." The Code goes on to state, however, that "this provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." ILL. ADMIN. CODE TIT. 20, § 504.810(b). The Supreme Court has held that exhaustion is not inadequate under the PLRA merely because "an individual later sued was not named in the grievances." *Jones v. Bock*, 549 U.S. 199, 219 (2007). The Court emphasized that the PLRA does not impose a specific requirement regarding who must be named in a grievance for proper exhaustion. Instead, the level of detail necessary in a grievance for adequate exhaustion should be determined by prison regulations. *Id.* at 218-19. The Court opined that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and cited the Fifth Circuit's statement that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Id.* (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). The Seventh Circuit has cautioned district courts to avoid placing too much emphasis on the first sentence of the regulation because "the identification requirement in the first sentence is softened by the second sentence, which clarifies that prisoners need identify names only to the extent practicable." *Glick v. Walker*, 385 F.App'x 579, 582 (7th Cir. 2010).

4

The Court finds that Plaintiff's grievance was sufficiently descriptive to comply with the Illinois regulations. Plaintiff stated that he was receiving inadequate dental care, which, as Plaintiff argued at the hearing, narrowed those potentially responsible to the Centralia dental staff, which consisted of only two or three individuals. Plaintiff openly stated in his grievance that he did not know the names of the staff who had failed to provide him treatment. The regulations do not nullify a grievance because the inmate does not know the names of those who mistreated him, so long as he includes "as much descriptive information about the individual as possible." On the spectrum of possibility, Plaintiff could have provided more detail, as Defendants contend. He could have identified "the dentist" or "the dental assistant." But, given the specificity Plaintiff provided regarding the type of treatment he believed was inadequate (dental) in addition to the fact that the Centralia dental staff consisted of only two or three individuals, the Court believes that Plaintiff's grievance was specific enough to "alert prison officials to a problem" and to identify that the problem had to do with his dental treatment. Furthermore, as the Supreme Court explained in *Jones v. Bock*, the purpose of an inmate grievance is not to notify specific individuals that they might be sued. *Jones*, 549 U.S. 218-19.

## CONCLUSION

Based on all the foregoing, it is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies prior to filing suit, that the Motion for Summary Judgment filed by Defendants Johnnie and Jansen (Doc. 23) be **DENIED**, that the case proceed to discovery on the merits, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to

5

file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 14, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**